IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 12-215 |
| | ) | |
| ADRIAN TAYLOR | ) | |
| a/k/a Tate | ) | |

**INFORMATION MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, David J. Hickton, United States Attorney for the Western District of Pennsylvania, and Almon S. Burke, Jr., Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

I. **THE INFORMATION**

A one-count Information was filed against the above-named defendant for an alleged violation of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy to Commit Money Laundering.<br><br>From on or about December 4, 2009, and continuing thereafter to on or about September 29, 2011. | 18 U.S.C. § 1956(h) |

II. **ELEMENTS OF THE OFFENSE**

A. As to Count 1:

In order for the crime of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), to be established,

the government must prove all of the following essential elements beyond a reasonable doubt:

    1. That a conspiracy to launder money, as charged in the Indictment, was entered into by two or more people.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

    2. That the defendant knew the purpose of the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h).

    3. That the defendant deliberately joined the conspiracy.

> United States v. Navarro, 145 F.3d 580, 593 (3d Cir. 1998); 18 U.S.C. § 1956(h); Whitfield v. United States, 543 U.S. 209 (2005) ("conviction for conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h), does not require proof of an overt act in furtherance of the conspiracy").

### III. PENALTIES

    A. As to Count 1: Conspiracy to commit money laundering (18 U.S.C. § 1956(h)):

    1. A term of imprisonment of not more than twenty (20) years;

    2. A fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater; and

3. If the sentence includes a term of imprisonment, the Court may impose a period of supervised release of not more than three (3) years (18 U.S.C. § 3583).

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Not applicable in this case.

### VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

DAVID J. HICKTON
United States Attorney

_____
ALMON S. BURKE, JR.
Assistant U.S. Attorney
PA ID No. 48691